IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAVINO BRAXTON,                    *

    Plaintiff,                    *

v.                                 *    Civil Action No. GLR-15-2828

JOHN F. PURCELL, et al.,           *

    Defendants.

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Savino Braxton's Motion for Leave to Proceed in Forma Pauperis (ECF No. 6), which will be granted. Braxton, an inmate at the Federal Correctional Institution in Fort Dix, New Jersey, commenced this action on September 18, 2015. (ECF No. 1). Braxton then filed an Amended Complaint on October 28, 2015. (ECF No. 5). Braxton brings this case under 42 U.S.C. § 1983 (2012) against Assistant United States Attorney John F. Purcell ("AUSA Purcell") and his court-appointed defense attorney Anthony R. Szekely[1] for their conduct during Braxton's criminal trial in United States v. Braxton, Criminal No. JKB-09-478 (D.Md.).[2]

In his Amended Complaint, Braxton alleges a conspiracy between AUSA Purcell and Szekely to increase his sentence at his then-pending resentencing hearing.[3] (Am.

---

[1] The Clerk will be directed to amend the docket to reflect that Andrew R. Szekely is named as an additional Defendant. (See ECF No. 5).

[2] This Court has previously summarized the long history of Braxton's criminal case and his dissatisfaction with his court-appointed counsel. See United States v. Braxton, 141 F.Supp.3d 418 (D.Md. 2015), aff'd, 663 F.App'x 253 (4th Cir. 2016), cert. denied, 137 S.Ct. 1102 (2017).

[3] Braxton's resentencing was scheduled for November 3, 2015. (Am. Compl. 10).

Compl. at 6–10, ECF No. 5).[4]  As to Szekely, Braxton takes issue with the fact that Szekely declined to file several pretrial motions Braxton suggested he file.  (Id. at 7).  Braxton claims that Szekely was determined to pursue technical issues which resulted in Braxton's entire guilty plea being vacated and remanded to the district court even though Braxton only desired to challenge the sentencing aspect of his case.  (Id.).  Ultimately, Braxton moved to have Szekely removed from his case and represented himself at trial.  (Id.).  After a jury trial, Braxton was found guilty.  (Id.).  Braxton alleges that because of Szekely's chosen course of action, he was subjected to a twenty-year mandatory minimum enhanced sentence under 21 U.S.C. § 851 (2012).[5]  (Id. at 10).

As to AUSA Purcell, Braxton alleges that AUSA Purcell engaged in "judge shopping" on remand by having the case reassigned to a different judge.[6]  (Id. at 10–11).  Braxton claims that Purcell was dissatisfied with the downward departure granted by the original sentencing judge and sought to have a different judge assigned who would not grant a downward departure.  (Id. at 11).

Because he seeks to proceed in forma pauperis, the Court must screen Braxton's Amended Complaint.  See 28 U.S.C. § 1915(e)(2)(B) (2012); Michau v. Charleston Cty.,

---

[4] Citations to page numbers refer to the CM/ECF pagination.
[5] The trial court addressed Braxton's claims of ineffective assistance of counsel and found them meritless.  United States v. Braxton, 141 F. Supp. 3d 418, 423–25 (D.Md. 2015), aff'd, 663 F.App'x 253 (4th Cir. 2016), cert. denied, 137 S.Ct. 1102 (2017); United States v. Braxton, No. 9-478 (D.Md. Nov. 3, 2015) (order denying Braxton's Motion for a New Trial).
[6] The United States Court of Appeals for the Fourth Circuit ordered that Braxton's case be assigned to a different judge on remand.  United States v. Braxton, 784 F.3d 240, 247 (4th Cir. 2015).

S.C., 434 F.3d 725, 728 (4th Cir. 2006). As part of its screening process, the Court may dismiss a case if it determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Braxton's Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Judicial officials, such as judges and prosecutors, receive absolute immunity because they must be able to execute certain official duties without the constant fear of lawsuits. See Slump v. Sparkman, 435 U.S. 349, 362–63 (1978) (judicial immunity); Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutorial immunity). In determining whether an individual is entitled to absolute prosecutorial immunity, courts consider the functions performed by the official, rather than his title. Forrester v. White, 484 U.S. 219, 229 (1988). An official is entitled to immunity when his actions are prosecutorial in nature. Pachtman, 424 U.S at 410. Generally, prosecutorial actions are those "intimately associated with the judicial phase of the criminal process." Id. at 430. Thus, when a prosecutor is working "within the scope of his duties in initiating and pursuing a criminal prosecution," he remains within the ambit of absolute immunity. Id. at 410. To the

extent that Braxton brings this action against AUSA Purcell for his prosecutorial actions, Purcell is entitled to absolute immunity.

As to Braxton's claim against Szekely, privately retained attorneys do not act under color of state law even if they are appointed by the court. See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976); see also Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk Cty v. Dodson, 454 U.S. 312, 325 (1981). Thus, Braxton's § 1983 claims that Szekely violated Braxton's civil rights while acting in his capacity as Braxton's court-appointed counsel will be dismissed for failure to state a claim.

While an attorney who conspires with a government official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. See Tower v. Glover, 467 U.S. 914, 920 (1984); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (holding that plaintiff must make more than naked assertion of conspiracy). Here, Braxton has done nothing more than make conclusory claims that Szekely conspired with AUSA Purcell. During his criminal proceedings, Braxton raised identical allegations as those raised in his Amended Complaint when he sought to removed AUSA Purcell from his case and when he moved for a new trial. Motion to Remove AUSA Purcell from Representing the Government at 2–11, Braxton, No. 9-478 (D.Md. Sept. 11, 2015); Motion for a New Trial at 3–21, Braxton, No. 9-478 (D.Md. Sept. 3, 2015). The trial court characterized Braxton's claims of conspiracy between AUSA Purcell and Szekely as follows:

> The Court has carefully reviewed this Motion and its many truly wild allegations. In support of the Motion, the Defendant proffers nothing other than his own speculation. He does not offer a shred of proof in support of his theory that Mr. Purcell entered into a conspiracy with his former counsel, Mr. Szekely to thwart the Defendant. The Motion is filled with scurrilous accusations and groundless assumptions. Conversely, the docket (with crystal clarity) reveals the pathway by which this case travelled to its current posture. Careful review of the record reveals that at every step along the way counsel, both for the Government and for the Defendant, behaved and performed professionally.

Braxton, No. 9-478 (D.Md. Sept. 15, 2015) (order denying Braxton's Motion to Remove AUSA Purcell). There, as here, Braxton's conclusory allegations are insufficient to state a claim upon which relief can be granted. Accordingly, Braxton's Amended Complaint will be dismissed pursuant to 28 U.S.C. §1915(e).

Braxton is advised that under 28 U.S.C. §1915(g) he will not be granted in forma pauperis status if he has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. This dismissal is Braxton's second strike. A separate order follows.

November 27, 2017  /s/
_____   _____
Date                George L Russell, III
                    United States District Judge